# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY NELSON, | : | Civil No. 1:12-CV-2321 |
| Petitioner, | : | (Judge Conner) |
| v. | : | (Magistrate Judge Carlson) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of The Case

Albert Einstein once stated that doing the same thing over and over again and expecting different results is the highest form of folly. We are reminded of Einstein's wisdom as we consider the instant habeas corpus petition.

On June 10, 2010, the petitioner, Terry Nelson, filed a petition for writ of habeas corpus with this court pursuant to 28 U.S.C. §2254, challenging a February 3, 2009 decision by the Pennsylvania Board of Probation and Parole which revoked his state parole. Nelson v. Pennsylvania Board of Probation and Parole, No. 1:10-CV-1277 (Doc. 1.) On April 6, 2011, Magistrate Judge Mannion recommended that this petition be denied, (Doc. 20.), a recommendation that was adopted by the district court on June 1, 2011. (Doc. 22.) Nelson appealed this decision to the United States

Court of Appeals for the Third Circuit, which issued an order on November 10, 2011, denying Terry's request for a certificate of appealability, and closing this case. (Doc. 29.)

Stymied but undeterred, Nelson allowed a year to lapse before filing the instant, second, successive petition for writ of habeas corpus on November 20, 2012, challenging this parole board action. (Doc. 1.) In order to avoid the clear statutory bar on successive habeas corpus petitions, Nelson endeavored to style the instant petition as one brought under 28 U.S.C. §2241, rather than 28 U.S.C. §2254. Despite this stylistic innovation by Nelson, the respondents have now move to dismiss this petition, as a second and successive petition in violation of 28 U.S.C. §2244. (Doc. 11.) This motion is fully briefed by the parties, (Docs 11-13.), and is ripe for resolution.

For the reasons set forth below it is recommended that this petition be dismissed.

**II.** **Discussion**

**A.** **Nelson's Petition Is Procedurally Barred on Multiple Grounds**

At the outset Nelson, a state prisoner, endeavors to avoid the consequences which may flow from filing successive habeas corpus petitions, by characterizing this second petition as a filing under the general federal habeas statute, 28 U.S.C. §2241,

as opposed a petition brought under the specific statute applicable to state prisoners, 28 U.S.C. §2254.

Unfortunately for Nelson, the courts have foreclosed this particular avenue of repetitive attack upon state parole revocation decisions. In Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001), the United States Court of Appeals for the Third Circuit rejected this precise argument that state prisoners challenging state parole decisions could turn to §2241 in lieu of filing a petition under §2254, stating:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. See Edmond v. United States, 520 U.S. 651, 657, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997) ("Ordinarily, where a specific provision conflicts with a general one, the specific governs."); Preiser v. Rodriquez, 411 U.S. 475, 488–89, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that prisoner challenging validity of his confinement on federal constitutional grounds must rely on federal habeas corpus statute, which Congress specifically designed for that purpose, rather than broad language of Section 1983); West v. Keve, 721 F.2d 91, 96 (3d Cir.1983). The rationale for this canon is that a general provision should not be applied "when doing so would undermine limitations created by a more specific provision." Varity v. Howe, 516 U.S. 489, 511, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general"

canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001)

Treated then as a petition filed pursuant to 28 U.S.C. § 2254, this petition is subject to the substantive and procedural standards that govern habeas petitions under §2254. Thus, Nelson must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a . . . court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (a).

As this statutory text implies, prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief under §2254. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a . . . court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a

4

high threshold on the courts. Typically, habeas relief will only be granted to prisoners in those instances where the conduct of some proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994).

Furthermore, prisoners seeking habeas relief under §2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that: "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Section 2244(b)(1)'s prohibition of successive petitions applies to petitions like those advanced here attacking state parole ruling and provides that Section 2244(b)(1) " bar[s] claims that could have been raised in an earlier habeas corpus petition. McCleskey, 499 U.S. at 493-95, 111 S.Ct. 1454; Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir.1992)." Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005).

This prohibition against successive, redundant habeas petitions is also embraced by the "abuse of writ doctrine" which applies to petitions under both §2241 and §2254, see Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005), and provides that:

5

> [A] court may grant controlling weight to a denial of a prior application for habeas corpus when three criteria are met: (1) the same ground presented in the successive application was determined adversely to the applicant on the previous application; (2) the previous determination was made on the merits; and (3) "the ends of justice" would not be served by reaching the merits of the subsequent application. . . . In a case in which a successive petition includes a claim for relief already fully considered and rejected, if the Government opposes the petition on an abuse of the writ basis it has the burden to plead abuse of the writ and must make the claim with clarity and particularity in its answer to the petition. . . . But once the Government has made a claim of abuse of the writ, the burden shifts to the petitioner to show that "the ends of justice" would be served by the court entertaining his petition, a showing that the petitioner satisfies by supplementing his claim by making a "colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).

Furnari v. U.S. Parole Comm'n, 531 F.3d 241, 250-51 (3d Cir. 2008) (some citations omitted).

Moreover, beyond the procedural limitations set on successive habeas petitions by statute and through the abuse of writ doctrine, it is also well-established that principles of *res judicata* apply to habeas petitions, and forbids the re-litigation of claims previously settled between the parties in prior litigation. See Anselmo v. Hardin, 253 F.2d 165 (3d Cir. 1958).

  **B. Nelson's Claims Are Procedurally Barred**

In this case we find that Nelson's claims in this petition are procedurally barred for a host of reasons because they have previously and conclusively been resolved by the courts. At the outset, with respect to his request that we reexamine this February

6

2009 parole revocation, it is clear that Nelson's petition is a second or successive petition, which, by statute, "shall be dismissed." 28 U.S.C. § 2244(b)(1). In this setting, where these claims have been previously adjudicated, efforts to re-litigate these claims must fail both under § 2244(b)(1), and under the abuse of writ doctrine which cautions us to refrain from re-adjudicating previously litigated habeas matters. See, e.g., Abdel-Whab v. Secretary of Department of Homeland Security, 132 F. App'x 988 (3d Cir. 2002)(second petition filed pursuant to Section 2241 in Eastern District of Pennsylvania appropriately dismissed by district court as an abuse of the writ, since the petition was "nearly identical" to the one dismissed by district court in the Middle District of Pennsylvania); Furnari v. U.S. Parole Commission, 531 F.3d 241, 250-52 (3d Cir. 2008)(affirming district court's dismiss of habeas claim for abuse of writ).

All of the requisites for imposing this procedural bar are fully met here. Indeed, the successive nature of the petition is apparent from a comparison of these two petitions both of which challenge an identical February 2009 state parole action. Since the two petitions, on their face, raise questions regarding whether Nelson is engaged in an abuse of the writ, the burden shifts to Nelson to show that "the ends of justice" would be served by the court entertaining his petition, a showing that Nelson typically can satisfy only by supplementing his claim with a "colorable showing of

factual innocence." See e.g., Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); Furnari v. U.S. Parole Comm'n, 531 F.3d 241, 250-51 (3d Cir. 2008). Nelson has made no such showing here. Therefore, his belated, successive collateral challenge to this parole action is procedurally barred.

Furthermore, to the extent that Nelson seeks in this federal habeas petition to re-litigate legal challenges to this parole action, any such effort to re-litigate a previously rejected claim runs afoul of principles of *res judicata*. *Res judicata*, or claim preclusion, is a legal doctrine that bars re-litigation of claims or issues that have been definitively resolved between the parties in prior litigation.

> For *res judicata* to apply, "[it] must [be] demonstrate[d] that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir.1991). It is well settled that a "[d]ismissal for failure to state a claim is a final judgment on the merits for res judicata purposes." Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir.2007) (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)) (discussing the effect of a dismissal pursuant to Fed.R.Civ.P. 12(b)(6)).

Courteau v. United States, 287 F. App'x. 159, 162 (3d Cir. 2008).

In this case the principle of *res judicata* applies and bars any further consideration of Nelson's claims, which were thoroughly and conclusively addressed in Nelson v. Pennsylvania Board of Probation and Parole, No. 1:10-CV-1277. Since

8

these prior decisions rejecting Nelson's claims constitute a "final judgment on the merits in a prior suit involving . . . the same parties or their privies . . . a subsequent suit based on the same cause of action" like the petition currently tendered by Nelson is plainly forbidden by principles of *res judicata*. Courteau v. United States, 287 F. App'x. 159, 162 (3d Cir. 2008). Therefore, the doctrine of *res judicata* compels dismissal of Nelson's petition.

### III. Recommendation

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus, and the Motion to Dismiss this petition, (Doc. 11.), IT IS RECOMMENDED that the Motion to Dismiss be GRANTED, the petition be DISMISSED, and that a certificate of appealability should not issue.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or

9

recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of May 2013.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge
